[Civ. No. 6250. Second Appellate District, Division Two.—November 25, 1929.]

W. R. DAVIS, Respondent, v. J. M. WESTPHAL, Appellant.

Cooper, Collings & Shreve for Appellant.

Fred M. Bottorff for Respondent.

CRAIG, Acting P. J.—It appears that the parties to this action entered into a tentative agreement in writing on March 7, 1925, by the terms of which respondent agreed to loan the appellant $2,500 for the conduct of the latter's

business, and to enter into his employment for a period of six months at a salary of $150 per month, in contemplation of forming a copartnership. It is contended that appellant received the $2,500 and gave to respondent his promissory note therefor; that he also paid said salary for the first five months, but refused to repay the amount of the note, or to pay the salary for the sixth month. Suit having been instituted for both sums, and judgment entered in favor of the plaintiff, this appeal is taken from said judgment.

The note in controversy called for the legal rate of interest upon the principal for a period of six months, together with a bonus of eight per cent per annum. The defendant incorporated the original agreement in his answer as an exhibit, alleging that said note was usurious, and that the monthly salary was merely a bonus which he had agreed to pay for the use of the money loaned. As a counterclaim the defendant allowed a credit of $50 per month for said five months, which the plaintiff was alleged to have earned in commissions and otherwise, and prayed judgment in the sum of $1500, or treble the amount claimed to have been paid illegally, under the terms of the contract and promissory note. It is respondent's contention that the salary and the amount of the note were separate and distinct items, and that in the event of the formation of a copartnership, the $2,500 was to have gone into the business, and a new contract was to have been executed between the parties. Said contract reads, in part, as follows:

"Witnesseth: That whereas the parties contemplate a permanent business association together as partners, this memorandum of agreement is made for a period of six (6) months from its date for the purpose of permitting the parties to determine whether or not a permanent association between them shall prove satisfactory.

"The said William R. Davis agrees to loan to the said J. M. Westphal, upon the signing of this agreement, the sum of twenty-five hundred dollars ($2500.00), which the said J. M. Westphal shall use in the general conduct of the business as above outlined. The said William R. Davis is to, and shall associate himself with said business commencing upon the signing of this agreement and the payment of the said sum of $2500.00, devoting his full time and

efforts jointly with J. M. Westphal in promoting and building up, and increasing and developing said business.

"The said J. M. Westphal agrees to pay to the said William R. Davis, in lieu of his services as general salesman and assistant in said business, a commission of ten per cent (10%) upon all sales made by him, and repeat orders from his customers, which said commissions shall be credited to his personal account once a month and he shall be permitted to draw against said commissions the sum of one hundred fifty dollars ($150.00) monthly for a period of six (6) months.

"At the end of six months, unless the partners shall mutually agree to a sooner termination, or a longer extension of said period, the parties may, agreeable to both of them, enter into a joint partnership in the ownership and conduct of said business with such proportionate ownership to each as they at the time may mutually agree. In the event the partners fail to reach a satisfactory agreement after the period of this contract and the said William R. Davis should withdraw from said business, he shall be entitled to receive all commissions then due him, together with a repayment to him of the sum of twenty-five hundred dollars ($2500.00), plus interest at the rate of fifteen per cent (15%) per annum for said period.

.    .    .    .    .    .    .    .    .    .    .

"It is particularly provided and agreeable to both parties, that in the event the aggregate commissions earned by the said William R. Davis during the period of this contract, shall not equal the aggregate of $150.00 per month for said period, the said J. M. Westphal guarantees that the said $150.00 per month shall be paid in lieu of services rendered, with no obligation on the part of said William R. Davis for any overdrawings in excess of any commissions earned.

"In the event the partners agree at the termination of this contract to enter into partnership as the owner of said business, they shall do so in writing under an agreement of copartnership which said agreement shall set forth the ownership of each of the partners and the conditions under which said partnership is entered into."

■ Whether the rate of interest above specified be treated as a usurious charge for the use of the money represented by the note, or as additional compensation within the purview of the temporary association, is immaterial, since at the opening of the trial the plaintiff waived both interest and bonus. Judgment was rendered in the sum of $2,500 as principal, $250 attorney's fees and $150 salary for the last month of the temporary term.

It is admitted that at the expiration of the six months' period the parties did not enter into a permanent agreement of copartnership. The plain language of the temporary contract required that this be done, or that the respondent should receive in return the full amount of $2,500, and that he should be paid $150 per month, regardless of the amount of commissions earned. It was further stipulated that respondent rendered services for the entire period of six months. The contract and the promissory note were contemporaneous, and it is immaterial whether the amount advanced be deemed a loan or an investment, since both documents guaranteed its return in the event of a failure to agree upon a continuance of the joint adventure. It results that the court did not err in rendering judgment therefor.

■ It is also contended by appellant that if the rate of interest specified in the promissory note was excessive and illegal, the whole transaction was rendered void by such charge, and that it was error to allow attorney's fees in an action founded thereon. It has been held that the Usury Act does not so provide, and that such contracts are valid except that the interest shall be forfeited. (*Haines* v. *Commercial Mtg. Co.*, 200 Cal. 609 [53 A. L. R. 725, 254 Pac. 956, 255 Pac. 805].)

Finally, appellant insists that the contract was but a subterfuge to evade the Uusry Act, and that the evidence did not support the judgment of the trial court. We have carefully perused the record, and it is plain from appellant's own testimony that this point is so obviously unfounded as to leave no room for extended discussion. He testified that he entered into the agreement with a copartnership in view, that had Davis signified an intention to remain in the business he originally intended to accept him, and that

he did in fact pay him for a period of five months in accordance with the terms of the contract.

No error appearing, the judgment is affirmed.

Thompson (Ira F.), J., and Burnell, J., *pro tem.*, concurred.